**SAYRE & LEVITT, LLP**
Federico Castelan Sayre, Esq., (SBN 067420)
sayreesq@sayrelevitt.com
Adam L. Salamoff, Esq., (SBN193686)
asalamoff@sayrelevitt.com
333 Civic Center Drive West
Santa Ana, CA 92701
T: (714) 550-9117 / F: (714) 716-8445

Attorneys for Plaintiffs

RECEIVED
2013 SEP 16 PM 4:09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. J. L., a minor, through his Guardian ad Litem, CRYSTAL VENTURA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO: SACV13-01447 DOC (DFMx)<br><br>Assigned for all Purposes to:<br>Honorable Josephine Staton Tucker<br>Dept. 10A<br><br>COMPLAINT FOR DAMAGES<br><br>1. VIOLATION OF FEDERAL CIVIL RIGHTS [42 U.S.C. §§ 1983, 1985, 1986, 1988]<br>2. SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF THE 1ST AND 14TH AMENDMENTS [*MONELL* CLAIM]<br><br>DEMAND FOR JURY TRIAL<br><br>Complaint Filed: 02/12/2013<br>Trial Date: 06/17/14 |

COMES NOW, PLAINTIFF I. J. L. (hereinafter, "LAGUNAS"), A MINOR, through his Guardian ad Litem, Crystal Ventura, DOES HEREBY ALLEGE AND COMPLAIN AS FOLLOWS:

///

///

1

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourteenth Amendment of the United States Constitution against Defendants, City of Anaheim, ANAHEIM POLICE DEPARTMENT and DOES 1-25.

2. Plaintiff, LAGUNAS, was born on March 8, 2011 and was 16 months old at the time of the incident.

3. It is herein alleged that all the Defendants, and each of them, including DOES 1-25 and/or other unknown officers, deputies or individuals employed by Defendants, and each of them, violated plaintiff's rights to free speech and freedom to assemble, and interfered with plaintiff's personal liberties without legal cause or excuse, violating his rights under the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

4. Plaintiff I. J. L., an individual, claims for relief arising under, and for violations of, the following laws:

   a. Federal Civil Rights Act under 42 USC §§ 1983, 1985, 1986, and 1988;

   b. The First Amendment of the United States Constitution;

   c. The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

5. Jurisdiction of this court, is therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

6. Venue is proper in the Central District of the U.S. District Court of California in that the act or omission that gave rise to plaintiff's claims occurred in the City of Anaheim, County of Orange, State of California, as more fully set forth herein.

COMPLAINT FOR DAMAGES

Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 USC § 1391(b)(2) and § 1343. The incident took place on Anna Drive, near the intersection of La Palma, in the City of Anaheim, County of Orange, State of California.

## PARTIES

7.  Plaintiff, I. J. L., a minor born on March 8, 2011, was a resident of the City of Anaheim, County of Orange, State of California during all times relevant hereto.

8.  Guardian ad litem, Crystal Ventura, is the mother of LAGUNAS and was a resident of the City of Anaheim, County of Orange, State of California during all times relevant hereto.

9.  At all times mentioned herein, Defendant CITY OF ANAHEIM is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

10. At all times mentioned herein, Defendant ANAHEIM POLICE DEPARTMENT (hereinafter "APD") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

11. At all times mentioned, defendants DOES 1-10 are and at all times mentioned herein were, Officers employed by the APD, who were acting within the course and scope of their employment, at the time they undertook the activities alleged herein and were, at all times herein mentioned, acting under color of state law as employees, agents, and representatives of defendant CITY OF ANAHEIM.

12. Defendants DOES 11-25 are and at all times mentioned herein were, police supervisors, captains, commanders and/or chiefs, employed by the APD and/or CITY OF ANAHEIM, who were acting within the course and scope of their employment at the time they undertook the activities alleged herein and were, at all times herein

mentioned, acting under color of state law as employees, agents, and representatives of every other defendant.

13. Plaintiff is informed and believes that Defendant CITY OF ANAHEIM is an incorporated municipality doing business in the State of California with its principal place of business in Anaheim, and the employer of the individual officers named as Defendants in this action.

14. Plaintiff is informed and believes and thereon alleges that Defendant APD is a public entity existing within the State of California, County of Orange. Plaintiff is informed and believes that Defendant APD is and was the official police agency for the CITY OF ANAHEIM at all times mentioned herein, and is the employer of the individual officers named as Defendants in this action.

15. The true names and capacities of DOES 1-25 are unknown to plaintiff, who therefore sues said defendants by such fictitious names and will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitious named defendants are responsible for the acts complained of herein.

16. At all relevant times herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of state law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOES 1-25 were and are Defendants, whose identity is unknown at this time who supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiff's damages.

## FACTUAL ALLEGATIONS

17. On or about July 21, 2012, plaintiff LAGUNAS, a minor of 16 months of age at the time, resided with his mother, CRYSTAL VENTURA, a minor at the time, at 710 N. Anna Drive, Apt. #6, Anaheim, California 92805.

18. On or about July 21, 2012, plaintiff's father, JUNIOR LAGUNAS, and plaintiff's grandmother, YESENIA ROJAS, resided at 710 N. Anna Drive, Apt. #2, Anaheim, California 92805.

19. In the afternoon of July 21, 2012, a crowd of citizens, including the plaintiff, lawfully assembled on Anna Drive, near the intersection of La Palma Ave., in Anaheim, California, following the shooting death of Manuel Diaz by the Anaheim Police Department. CRYSTAL VENTURA had her infant child, plaintiff LAGUNAS, with her, in a stroller.

20. For some unknown reason, in the afternoon hours of July 21, 2012, unidentified APD officers commenced shooting rubber or plastic bullets into the group of persons, lawfully assembled on Anna Drive, near the intersection of La Palma, in Anaheim, California.

21. At around the same time, an unidentified DOE officer of the APD released a police attack dog into the crowd of assembled persons, on Anna Drive, near the intersection of La Palma.

22. The police dog then charged in the direction of plaintiff's grandmother and plaintiff's mother, lunging at the stroller, in which the infant plaintiff, LAGUNAS, was seated, attacking and biting the child's father, as he attempted to shield his child, Plaintiff LAGUNAS, from the dog attack, resulting in serious physical injuries to the plaintiff's father and behavioral problems, including night terrors, in LAGUNAS.

23. Defendant DOES 1-10, Officers of the APD, acting within the course and scope of their duties as employees of the APD and acting as representatives of the CITY

OF ANAHEIM, intentionally and/or negligently released a police dog, which attacked LAGUNAS, resulting in behavioral problems and night terrors.

24. The activities undertaken by the Defendant DOES 1-10, Officers of the APD, constituted an inappropriate interference of Plaintiff's freedom of expression and right to peaceably assemble, provided under the First Amendment of the United States Constitution.

25. The release of a police attack dog upon LAGUNAS constituted further unconstitutional violations of his civil rights in that it was excessive force exerted upon him, in violation of the First and Fourteenth Amendments of the U.S. Constitution.

26. The assault upon the infant plaintiff, LAGUNAS, and his mother, without any cause, constituted a violation of his civil rights and it interfered with his First Amendment rights to free speech and to assemble peaceably.

27. The actions of Defendants, and each of them, were in violation of the First and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted an unjustified deprivation of the plaintiff's liberty interests, excessive force, interference with the plaintiff's first amendment rights to freedom of speech and to assemble peaceably and were in violation of the plaintiff's civil rights under color of law under 42 U.S.C. § 1983 and other sections of the United States Code as more fully set forth herein.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things: subjecting people to unreasonable uses of force against their persons;

    a.    Selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

    b.    Failing to adequately train, supervise, and control employees in the dangers of repeated discharge of service revolvers, including, without limitation, the use of potentially lethal tactics, on individuals who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

    c.    Failing to adequately discipline officers engaged in misconduct;

    d.    Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

29. Plaintiff is informed and believes and thereon alleges that Defendants CITY OF ANAHEIM and APD have a longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions, and ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiff.

30. As a result of the repeated unconstitutional actions of Defendants, and each of them, LAGUNAS suffered serious emotional injuries. Plaintiff therefore has suffered, and continues to suffer, devastating and overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness and terror. Plaintiff has further suffered economic and non-economic damages.

# FIRST CAUSE OF ACTION

## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Against Defendants City of Anaheim, APD, Unidentified Officers of the APD and/or Does 1-25, inclusive)

31. Plaintiff incorporates each and every preceding paragraph as though fully set forth herein.

32. This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the First and Fourteenth Amendments to the United States Constitution.

33. Defendants, and each of them, owed a duty of ordinary care to avoid harm to Plaintiff. The CITY OF ANAHEIM and the APD's duties included the duties to completely train, hire and supervise its law enforcement officers in the proper use of force and tactics regarding the use of police dogs and the firing of non-lethal ammunition, when responding to and dealing with unarmed individuals, combative or not.

34. Plaintiff contends and herein alleges that Defendants, and each of them breached these aforementioned duties, either negligently or intentionally in relation to all their interactions with Plaintiff, on July 21, 2012, when Plaintiff was peaceably exercising his First Amendment rights, including, but not limited to, releasing their police attack dog upon Plaintiff LAGUNAS and firing of non-lethal bullets at Plaintiff's grandmother, multiple times, while unarmed.

35. Plaintiff contends and herein alleges that the aforementioned negligent/intentional breach of his duties by Defendants constituted violations of the civil rights of Plaintiff, in contravention of 42 U.S.C. §1983 of the First and Fourteenth Amendments of the Constitution of the United States. Plaintiff further contends and

alleges that Defendants' disregard of Plaintiff's aforementioned civil rights was done by either actual malice or deliberate indifference to Plaintiff's civil rights.

36. Plaintiff contends and herein alleges that unidentified officers of the APD and/or DOES 1-25 negligent/intentional use of their police dog upon Plaintiff LAGUNAS and the firing of non-lethal bullets upon Plaintiff's grandmother was the legal cause of Plaintiff's injuries on July 21, 2012.

37. The actions of Defendants as aforesaid violated the First and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of Plaintiff's civil rights directly and proximately caused the injuries and damages to Plaintiff as more fully set forth below.

38. The assault upon plaintiff LAGUNAS, through the use of a police attack dog, was in violation of his civil rights to exercise his freedom of speech, freedom to assemble, to be free from the loss of his physical liberty interest, and denial of substantive due process under the First, and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action defendants, and each of them, violated LAGUNAS' civil rights by being deliberately indifferent to his physical security as set forth in *Wood v. Ostrander*, 879 F.2d 583.

39. Defendants', and each of their, actions as aforesaid directly and proximately caused injuries and damages to Plaintiff as more fully set forth below.

40. On or about July 21, 2012, Defendants violated plaintiff's civil rights by using a degree of force, which was not objectively reasonable under the circumstances. Plaintiff did not pose any threat, while peaceably assembled on Anna Drive, near the intersection of La Palma Ave., in Anaheim, California, and had committed no crimes. Defendants' use of excessive force was unreasonable and in violation of plaintiff's Civil Rights under the First and Fourteenth Amendments of the United States Constitution to be free from interference of their rights to free speech and freedom to assemble, and for

COMPLAINT FOR DAMAGES

plaintiff to be free from a loss of physical liberty. Defendants' use of excessive force upon LAGUNAS, was in violation of their First and Fourteenth Amendment Rights.

41. Prior to July 21, 2012, Defendants CITY OF ANAHEIM and APD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of persons, which caused the violation of Plaintiff's civil rights.

42. It was the policy and/or custom of Defendants CITY OF ANAHEIM and APD to inadequately supervise and train its officers, including defendant unidentified officers of the APD and/or DOES 1-25, thereby failing to adequately discourage further Constitutional violations on the part of its Officers.

43. As a result of the above-described policies and/or customs, unidentified officers of Defendants CITY OF ANAHEIM and APD, and/or DOES 1-25, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, and would be tolerated and accepted.

44. The above-described policies or customs demonstrated a deliberate indifference on the part of the policy markers of Defendants CITY OF ANAHEIM and APD to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of Plaintiff's Civil Rights as alleged herein.

45. Each of the Defendants and DOES 1-25 named herein is individually liable for the violation of Plaintiff's Civil Rights apart and aside from the customs, policies and practices of Defendants CITY OF ANAHEIM and APD.

46. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff suffered the following injuries and damages for which Plaintiff may recover:

    a. Violation of Plaintiff LAGUNAS' Constitutional Rights under the First and Fourteenth Amendments to the United States Constitution to be free from interference of his rights to freedom

of speech and freedom to assemble, to be free from deprivation of liberty and is entitled to due process of law;

    b.    Conscious physical pain, suffering and emotional trauma during the incident.

47. The conduct of Defendants unknown officers of the APD and/or DOES 1-25 was reckless and acted with callous indifference to the federally protected rights of Plaintiff. Defendants, and each of them, engaged in despicable conduct by using excessive force, were malicious, and acted in reckless and conscious disregard of the rights and individual safety of Plaintiff, and Plaintiff is entitled to punitive damages in accord with constitutionally permitted limits to punish and make an example of the individual defendant officers.

48. Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiff's Civil Rights.

## SECOND CAUSE OF ACTION
## (SUPERVISORIAL RESPONSIBILITY FOR VIOLATION OF THE 1ST AND 14TH AMENDMENTS
## [*MONELL* CLAIM]
## [42 USC §§ 1983, 1985, 1986, 1988]
## (All Plaintiffs Against Defendants City of Anaheim, APD, and/or Does 1-25, inclusive)

49. Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

50. At all times herein mentioned, Defendants CITY OF ANAHEIM and APD maintained a custom, policy and practice to allow the violation of Civil Rights. Additionally, Defendants CITY OF ANAHEIM and APD had a custom and practice of denying Governmental claims, rejecting, failing to act on and denying Citizen Complaints, and engaging in excessive use of force and other actions. All of these

actions were done in violation of Plaintiff's Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiff and others.

51. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff suffered the following injuries and damages for which Plaintiff may recover:

    a. Violation of Plaintiff LAGUNAS' Constitutional Rights under the First and Fourteenth Amendments to the United States Constitution to be free from interference of his rights to freedom of speech and freedom to assemble, to be free from unreasonable search and seizure of their person, to be free from deprivation of liberty and is entitled to due process of law;

    b. Conscious physical pain, suffering and emotional trauma during the incident.

52. The conduct of Defendants unknown officers of the APD and/or DOES 1-25 was reckless and acted with callous indifference to the federally protected rights of Plaintiff. Defendants, and each of them, engaged in despicable conduct by using excessive force that was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiff. Plaintiff is entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant officers.

53. Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiff's Civil Rights.

## PRAYER

Wherefore, the plaintiff for each and every claim for relief above demands the following relief, jointly and severally, against all the defendants;

1. Compensatory general and special damages in an amount in accordance with proof which are:

   (A) As a direct and proximate result of the aforementioned acts of defendants, and each of them, Plaintiff suffered the following injuries and damages, which are recoverable by Plaintiff under the Federal Civil Rights statutes identified herein:

       i. Violation of his constitutional rights under the First and Fourteenth Amendments to the United States Constitution to be free from depriving the person of freedom of speech, freedom to assemble, freedom of liberty, without due process of law; and

       ii. Conscious physical pain, suffering and emotional trauma.

2. As a direct and proximate result of the actions of defendants, Plaintiff suffered the following injuries, including but not limited to:

   (A) Mental pain and suffering manifested in behavior problems and night terrors.

3. Reasonable attorney's fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988 and Attorney fees Awards Act of 1976, 42 U.S.C. § 1983.

4. Costs of suit necessarily incurred herein;

5. Prejudgment interest according to proof;

6. Such other and further relief as the Court deems just and proper.

DATED: September 16, 2013            SAYRE & LEVITT, LLP

By: _____
Federico C. Sayre
Adam L. Salamoff
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

DATED: September 16, 2013     **SAYRE & LEVITT, LLP**

By: _____
Federico C. Sayre
Adam L. Salamoff
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
I.J.L., a minor, through his Guardian ad Litem,
CRYSTAL VENTURA,

**DEFENDANTS**
CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, and DOES 1 through 25, Inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
SAYRE & LEVITT, LLP
Federico C. Sayre, Esq., (SBN: 067420)
333 Civic Center Drive West, Santa Ana, CA 92701; (714)550-9117

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT:** $ ACCORDING TO PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATION OF FEDERAL CIVIL RIGHTS, SUPERVISORAL RESPONSIBILITY FOR VIOLATION OF THE 1ST AMENDMENTS [MONELL CLAIM]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:    Case Number:    **SACV13-01447 DOC (DFMx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 09/16/2013
                                        Adam L. Salamoff, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge     David O. Carter     and the assigned Magistrate Judge is     Douglas F. McCormick     .

The case number on all documents filed with the Court should read as follows:

**SACV13-01447 DOC (DFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 16, 2013                    By    A. Gonzalez
Date                                        Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES